UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALD LOWE, et al.**                                                              **CIVIL ACTION**

**VERSUS**                                                                                      **NO. 22-95-JWD-SDJ**

**STATE FARM FIRE AND
CASUALTY COMPANY**

### ORDER

Before the Court is a Motion to Compel (R. Doc. 11) filed by Defendant State Farm Fire and Casualty Company ("State Farm") on August 10, 2022. The deadline for filing an opposition to this Motion to Compel has not yet passed.

In its Motion, State Farm seeks an order compelling Plaintiffs to respond to written discovery requests previously propounded on Plaintiffs on May 16, 2022.[1] While Plaintiffs are required to comply with their discovery obligations, the Court cannot, at this point, compel Plaintiff to do so, as the requirements of Federal Rule of Civil Procedure 37 have not been met.

Rule 37 mandates that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In its Motion, defense counsel certifies that "[i]n compliance with Rule 37(a)(1) of the Federal Rules of Civil Procedure, counsel for Mover has in good faith conferred with plaintiffs in order to obtain Answers to Interrogatories from plaintiffs, Ronald Lowe and Sydney Lowe, without court action."[2] However, State Farm's actions do not support this certification. Per State Farm, after Plaintiffs

---

[1] R. Doc. 11 at 1
[2] *Id.* at 3.

failed to timely respond to the interrogatories and requests for production propounded on them on May 16, 2022, defense counsel, on July 8, 2022, "emailed opposing counsel … requesting a discovery conference."[3] In response, Plaintiffs' counsel, via email, requested an extension of time until July 21, 2022, to serve Plaintiffs' discovery responses, which request was granted by defense counsel.[4] Twelve days after the agreed-upon response deadline, having received no responses, defense counsel again "emailed opposing counsel … requesting the status of the discovery responses."[5] No response to that email was received, and no discovery responses have been served.[6] State Farm then filed the instant Motion.

This brief email exchange is not sufficient to meet the requirements of Rule 37. The Parties have not conferred, and other than a single request for a conference, which request was never reissued after expiration of the extended deadline, there has been no communication between counsel about discovery, to the Court's knowledge. This Motion, therefore, is denied for failure to satisfy the provisions of Rule 37. *See Roberts v. Lessard*, No. 17-7, 2017 WL 5985569, at *2 (M.D. La. Dec. 1, 2017) ("The record indicates that Plaintiff's counsel's first attempt at setting a discovery conference was a terse email to defense counsel…declaring that counsel 'will conduct' a conference on certain unidentified discovery responses. This is not a good faith attempt to schedule a discovery conference."); *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Palmisano, L.L.C. v. N. Am. Capacity Ins. Co.*, No. 19-12755, 2020 WL 6204311, at *3 (E.D. La. Apr. 14, 2020) ("This Court recognizes that a single correspondence is usually inadequate as a

---

[3] *Id.* at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.*

substitute for a Rule 37 conference."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (denying motion to compel for failure to satisfy Rule 37's requirement of a good faith conferral or attempt to confer); *Dimitric v. Tex. A & M Univ.*, No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. Apr. 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an … e-mail, with defense counsel .... For this reason, alone, his Motion should be denied."); *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (Rule 37(a)(1)'s meet-and-confer "prerequisite is not an empty formality").

As such, based on State Farm's failure to comply with Rule 37,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 11) filed by Defendant State Farm Fire and Casualty Company is **DENIED without prejudice**, to be refiled, only if necessary, after a Rule 37 conference has occurred. Also, Plaintiffs are here again reminded of their obligation to comply with discovery requests.

Signed in Baton Rouge, Louisiana, on August 16, 2022.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　**SCOTT D. JOHNSON**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**